Eric H. Gibbs (SBN 178658)
David M. Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
dmb@classlawgroup.com
jbk@classlawgroup.com

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.E., through her guardian, ANNA MARIE EMMERICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., and BYTEDANCE INC.,<br><br>Defendants. | Case No. 5:20-cv-3555<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     TikTok is one of the most widely used social networking apps in the world, particularly among children, teens, and young adults. The app allows users to create short, often humorous video clips, enhance the clips with a variety of digital effects, and share them with their friends and others throughout the world.

2.     Among the most prominent and popular digital effects available on TikTok are face filters, which alters the subject's face in real-time, often in a funny or unexpected way. Pressing the icon for one filter might add a safari hat atop the subject's head, another might plumpen the subject's lips, and a third might project cat nose, ears, and whiskers over the subject's face—the possibilities are virtually endless and ever-changing to entertain users and inspire new videos.

3.     TikTok's digital face filters are fun for users, but they also capture facial geometry data that can be used for surveillance or identity theft. The privacy and security implications are serious in any context, but particularly so with TikTok. The U.S. Department of Defense recently identified TikTok as a security threat due to its ability to transmit biometric data to the Chinese conglomerate that owns TikTok and maintains close ties with the Chinese government.

4.     Under the Illinois Biometric Information Privacy Act (BIPA), Defendants TikTok Inc. and ByteDance Inc., who administer TikTok in the United States, were supposed to obtain users' informed written consent before collecting any biometric data. But over the past several years, Defendants have made no attempt to comply with the law and continue to capture users' facial geometry without disclosing that they are doing so or obtaining the required written release.

5.     On behalf of herself and all other Illinois residents whose facial geometry was scanned by TikTok, Plaintiff M.E. brings this action to force TikTok to comply with BIPA and to recover the statutory and other damages to which they are entitled.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member is a citizen of a state different from Defendants.

7.     Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

8.     Under Local Rule 3-2(c) and (e) of this action to the San Jose Division is proper because Defendant ByteDance Inc. is headquartered in Palo Alto and a substantial part of the events or omissions which give rise to the claims alleged herein occurred there.

## PARTIES

9.     Plaintiff M.E. and her guardian, Anna Marie Emmerich, are citizens and residents of St. Clair County, Illinois.

10.     Defendant TikTok Inc. is a California corporation with its principal place of business in Culver City, California.

11.     Defendant ByteDance Inc. is a Delaware corporation with its principal place of business in Palo Alto, California.

12.     Defendants are both subsidiaries of the Chinese conglomerate ByteDance Ltd., and are responsible for administering TikTok in the United States.

## FACTUAL ALLEGATIONS

### The TikTok Social Networking Platform

13.     TikTok is a social networking platform where users can make and share short videos of themselves lip-syncing, cooking, dancing, or just being silly.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

14.     Over the past few years, TikTok has become one of the most popular and widely used social media services in the world, with nearly a billion active users.

15.     TikTok is particularly popular among teenagers and young adults: as of last year, about 60% of active U.S. users were between the ages of 16 and 24.

**TikTok's Face Filters**

16.     When making a video on the TikTok app, users are presented with a variety of "Effects" to enhance their videos' appearance and creativity.

17.     Included among these Effects is a large, regularly updated library of face filters. Face filters allow users to add digital effects to their own or other people's faces before, during, or after filming short video clips. Below are a few examples of face filters:



18.     Simply by tapping different icons, users can change filters and watch as the result is instantly projected onto their face. One face filter might add digital lipstick and eyeliner, another might add a virtual wooden nose, and a third might make it appear as if users were breathing fire each time they opened their mouth.

19.     The face filters available on TikTok are varied and dynamic; they're designed to integrate with the video subject's face, move as the subject moves, and seamlessly adapt to changes in facial expression.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

**TikTok's Face Filters Collect Biometric Information Without First Obtaining Users' Informed Written Consent**

20.     TikTok's face filters are programmed to exploit the subjects' biometric information. TikTok scans subjects' facial geometry, creating a digital map that can be used to identify facial landmarks and to project digital effects onto those landmarks.

21.     The data captured by TikTok is akin to a fingerprint. Each person's facial geometry is unique and can be used as a biometric identifier. That can be a good thing, allowing people to use their facial geometry as a biological password to quickly verify their identity before making a financial transaction or as a hands-free way to unlock their mobile phone. But if the data is misused, it can also be used to steal someone's identity, identify faces that appear online or in video surveillance footage, and otherwise compromise personal privacy.

22.     The Illinois Biometric Information Privacy Act (BIPA) was enacted to regulate the collection of biologically unique data and help ensure it is not misused. Among other things, BIPA prohibits companies like TikTok from collecting customers' biometric information without first obtaining informed written consent. It also requires companies like TikTok to establish a publicly available written policy that provides for the permanent destruction of the biometric information when it's no longer needed.

23.     Although TikTok has been collecting biometric information from millions of users for several years now, it has never obtained its users' informed written consent. Nor has TikTok disseminated a written policy that provides for the permanent destruction of the biometric information currently in its possession.

**Defendants' Respective Roles in the Violation of Users' Rights**

24.     Defendant TikTok Inc. is the provider of the TikTok service and mobile app in the United States. Through the TikTok mobile app, TikTok Inc. obtains users' biometric information without first obtaining their informed written consent.

25.     TikTok Inc. was previously named musical.ly Inc. Under that name, it operated a service and mobile app call musical.ly, which was similar to TikTok and was

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

merged with the TikTok platform in 2018. The musical.ly mobile app also used face filters and collected biometric information from users without first obtaining informed written consent.

26.     TikTok Inc. is a subsidiary of a TikTok Ltd., which in turn is a subsidiary of ByteDance Ltd, a Chinese conglomerate that owns and operates a portfolio of mobile apps through its network of subsidiaries. ByteDance is believed to have close ties to the Chinese government: it has collaborated with public security bureaus across china to disseminate propaganda and recently entered into a joint venture with a Chinese state media group.

27.     ByteDance launched the TikTok service in China in 2016 (where it is known as Douyin), and began expanding into the international market in 2017. The company broke into the U.S. market in late 2017 by purchasing musical.ly and merging its video-sharing service with TikTok. ByteDance did not seek clearance from the Committee on Foreign Investment in the United States (CFIUS) before completing the acquisition.

28.     Defendant TikTok Inc. is believed to share biometric data collected from U.S. users with ByteDance. The Department of Defense issued an advisory to its employees in December 2019 that conveyed concern over TikTok's "ability to convey location, image and biometric data to its Chinese parent company, which is legally unable to refuse to share data to the Chinese government." Several government agencies since have barred employees from using TikTok; the U.S. government has opened a national security investigation into TikTok and ByteDance; and media reports indicate that ByteDance is censoring videos shown to TikTok's U.S. audience in an effort to advance China's foreign policy agenda.

29.     Defendant ByteDance Inc. is a U.S. subsidiary of ByteDance Ltd. that works closely with ByteDance Ltd. and provides engineering development and support for the TikTok service in the United States. Like ByteDance Ltd., ByteDance Inc. is

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

believed to obtain TikTok users' biometric information.

30.     ByteDance has disclosed in the Privacy Policy made available to users of Douyin (the name of TikTok in China) that the app obtains users' facial feature data. One of ByteDance's Singaporean subsidiaries, TikTok Pte. Ltd., has made a similar disclosure as to the short-form video app called Vigo Video.

31.     But neither ByteDance Ltd. nor ByteDance Inc. have disclosed to TikTok users in the United States that their facial feature data is collected by the TikTok app, much less obtained the users' informed written consent. The Privacy Policy that applies to U.S. users states only that TikTok Inc. it may share its users' information with a parent, subsidiary, or other affiliate of our corporate group. It does not disclose that Defendants collect or share users' biometric information and does not obtain users' informed written consent.

### PLAINTIFF'S EXPERIENCE

32.     Plaintiff M.E. has used the TikTok app on her iPhone for at least the past year. She uses it to make short videos, often featuring herself, and has used some of the TikTok app's face filters.

33.     When Plaintiff used TikTok's face filters, Defendants captured scans of her facial geometry, stored data derived from those scans, and is believed to have shared that data between themselves and with their parent company, ByteDance Ltd.

34.     Neither Plaintiff nor her guardian were ever notified that Defendants were collecting or storing their biometric information; neither Plaintiff nor her guardian were ever informed in writing of the specific purpose and length of term for which Plaintiff's biometric information was being collected, stored, and used; and Plaintiff's guardian never executed a written release that would permit Defendants to collect Plaintiff's biometric information.

35.     Neither Plaintiff nor her guardian were ever notified that Defendants were sharing Plaintiff's biometric data among themselves, with ByteDance Ltd., or with

any other third party, and Plaintiff's guardian never consented to any disclosure of Plaintiff's biometric data.

36.     Neither Plaintiff, her guardian, nor Plaintiff's lawyers have been able to locate any retention schedule and destruction guidelines made available by Defendants. It is important to Plaintiff and her guardian that Plaintiffs' biometric data be kept secure and permanently destroyed promptly after the initial purpose for collecting it has been discharged or within 3 years of Plaintiff's last interaction with the entity that collected the data, as required by BIPA.

## CLASS ALLEGATIONS

37.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks to pursue her claims on behalf of a class of similarly situated persons. The parameters of the class may be refined through discovery and will be subject to Court approval and modification, but for purposes of this complaint, Plaintiff proposes the following class definition:

> All persons whose facial geometry was scanned by the TikTok or musical.ly mobile apps while residing in Illinois.

> Excluded from the class are Defendants, their officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, parent companies and assigns. Also excluded from the class are any judicial officers and associated court staff assigned to this case and their immediate family members

38.     The proposed class meets each of the requirements for class certification pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3).

39.     *Numerosity*: The class is sufficiently numerous such that individual joinders are impracticable. As of 2019, TikTok reported a growing base of 26 million active users in the United States. A substantial portion of those users would have already had their face geometry scanned by using TikTok's prominent and popular face-filter features. The proposed class is therefore likely to number in the hundreds of thousands.

40. *Commonality & Predominance*: Common questions of law and fact are likely to predominate over questions affecting only individualized class members. These common questions include:

a. whether Defendants captured class members' biometric information through the TikTok or musical.ly mobile apps;

b. whether Defendants made the disclosures and obtained the written releases required by BIPA, 740 ILCS 14/15(b), before capturing any biometric data;

c. whether Defendants shared any biometric information collected from class members amongst themselves, with the Chinese government, or with anyone else;

d. whether Defendants established and complied with the retention schedule and destruction guidelines required by BIPA, 740 ILCS 14/15(a); and

e. whether any violations of BIPA were intentional, reckless, or negligent.

41. *Typicality*: Plaintiff's claims are typical of those asserted by the proposed class, as Plaintiff and class members each suffered the same infringement of their statutory privacy rights and each have claims under BIPA arising out of the same conduct—namely, Defendants' failure to obtain their informed written consent before capturing or sharing their facial geometry and failure to provide for the prompt destruction of that data when it is no longer needed.

42. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff's interests do not conflict with the class's interests, as both seek to recover from Defendants for the same infringement of their statutory rights, and Plaintiff has retained counsel experienced in consumer privacy and complex class litigation to represent class members' interests.

43. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Successfully prosecuting class members' claims will require familiarity with BIPA, discovery into a network of subsidiaries owned by a $78 billion company, and experts to evaluate that discovery for

evidence that Defendants' captured, stored, or shared class members' biometric data. These are matters that can only realistically be handled through unified class-wide representation, which can be conducted on a contingency basis and offers class members economies of scale unavailable in individual proceedings.

44. *Class-wide Injunctive Relief*: By capturing and disclosing Plaintiff and class members' facial geometry data without first obtaining informed written consent, Defendants have acted and refused to act on grounds that apply generally to the class, such that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

**FIRST CAUSE OF ACTION**

**Violation of Illinois Biometric Privacy Act**

45. Plaintiff alleges this cause of action on behalf of herself and the proposed class, and in so doing, incorporates all preceding allegations.

46. The Illinois Biometric Information Privacy Act (BIPA), regulates the collection, use, and handling of biologically unique identifiers that, if compromised, can leave victims at permanent risk of identity theft.

47. *Unlawful collection of biometric information*: Defendants have violated and continue to violate BIPA, 740 ILCS 14/15(b), by obtaining scans of Plaintiff's and class members' facial geometry, as well as data based on those scans, without first (i) informing Plaintiff and class members in writing that they are collecting or storing their biometric information; (ii) informing Plaintiff and class members in writing of the specific purpose and length of term for which their biometric information is being collected, stored, and used; and (iii) receiving a written release executed by Plaintiff and class members or their legally authorized representatives.

48. *Unlawful disclosure of biometric information* Defendants have violated and continue to violate BIPA, 740 ILCS 14/15(d) by disclosing, redisclosing, or otherwise disseminating Plaintiff's and class member's biometric information without their

9

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

consent.

49.     *Failure to establish a retention schedule and destruction guidelines*: Defendants have violated and continue to violate BIPA, 740 ILCS 14/15(a), by failing to develop, publicly disclose, and comply with a retention schedule and destruction guidelines that would ensure Plaintiff's and class members' biometric information is permanently destroyed when the initial purpose for collecting that information has been satisfied or within 3 years of Plaintiff's and class members' interaction with Defendants, whichever occurs first.

50.     Defendants' violations were intentional or reckless, as well as negligent. Defendants specifically designed the TikTok and musical.ly apps to capture biometric information, have continued to capture and store biometric information for several years, and have made no effort to comply with any of BIPA's requirements during that time.

51.     Pursuant to 740 ILCS 14/20, Plaintiff and the proposed class seek an award of statutory or actual damages, whichever is greater, for each of Defendants' violations of BIPA; injunctive relief sufficient to stop Defendants from violating BIPA in the future and to protect Plaintiff and the proposed class from the consequences of Defendants' past violations; and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the proposed class, respectfully requests the following relief:

A.     A determination this action may be maintained as a class action;

B.     An award of damages to be paid according to proof, including liquidated damages authorized by statute;

C.     Injunctive or corresponding declaratory relief;

D.     Pre-judgment interest and post-judgment interest, as provided by law;

E.     Attorneys' fees and expenses, including expert fees; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555

F.     Any and all other legal and equitable relief that the Court may find appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all claims so triable.

May 27, 2020                                    Respectfully submitted,

By:   /s/ David M. Berger

Eric H. Gibbs (SBN 178658)
David M. Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
dmb@classlawgroup.com
jbk@classlawgroup.com

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 5:20-cv-3555